15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tony A. LUCA, Plaintiff-Appellant,
v.
Augustine GONZALEZ, et al., Defendants-Appellees.
 No. 93-15470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Tony Luca appeals pro se the district court's dismissal of defendant James Gallagher from his 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Luca claims that Corrections Officer Gallagher violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs when Gallagher assigned him to a work detail that threatened to aggravate an undocumented hernia condition. We have jurisdiction under Fed.R.Civ.P. 54(b). We review de novo, Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and affirm.
 
 
 3
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Buckey v. Los Angeles, 957 F.2d 652, 654 (9th Cir.1992).
 
 
 4
 In order to state a claim under Sec. 1983, a plaintiff must show that the defendant acted under color of law, and that his conduct deprived the plaintiff of a constitutional right. Hernandez v. Johnson, 883 F.2d 1316, 1318 (9th Cir.1987); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), cert. denied, 478 U.S. 1020 (1986).
 
 
 5
 "To state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on two elements: "the seriousness of the prisoner's medical needs and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Thus, the more serious the medical needs of the prisoner and the more unwarranted the defendant's actions are in light of those needs, the more likely it is that the defendant acted with deliberate indifference. McGuckin, 974 F.2d at 1061. This is true whether the indifference is manifested by prison doctors, guards, or other personnel who intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed. Estelle, 429 F.2d at 104-05.
 
 
 6
 Here, defendant Gallagher supervised Luca and another inmate in the unloading of beds and empty trash cans from two flatbed trailers. Luca did not advise Gallagher of any medical problems or any restrictions on the amount that he could lift until some time into the process of unloading. When Gallagher learned of Luca's condition, he sent him immediately to the medical department. Because Gallagher had no knowledge of Luca's medical needs until he was notified by Luca himself, and immediately dismissed him to the medical department upon learning of his condition, Luca's claim that Gallagher acted with deliberate indifference to his medical needs is without merit. See Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. Therefore, Luca fails to establish that Gallagher violated his Eighth Amendment rights. See Estelle, 429 U.S. at 106.
 
 
 7
 Accordingly, the district court did not err in dismissing defendant Gallagher from Luca's Sec. 1983 action pursuant to Fed.R.Civ.P. 12(b)(6). See Buckey, 957 F.2d at 654.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3